UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------X
Ryan Murphy,

                              Plaintiff,                    Civil Action No: 13-493

              against                                      **COMPLAINT AND
                                                           DEMAND FOR TRIAL BY JURY**


AUDUBON FINANCIAL BUREAU, LLC., and
ADAM D. MARCH, individually

                              Defendant.
--------------------------------------------------X


## NATURE OF ACTION

Plaintiff Ryan Murphy ( "Plaintiff"), by and through his attorneys, Fredrick Schulman &

Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory

and injunctive relief against, Defendants Audubon Financial Bureau, LLC. ("Audubon"), and

Adam D. March ("March"), individually, arising from Defendants' violations of 15 U.S.C.

§1692 *et seq*., commonly referred to as the Fair Debt Collection Practices Act (hereinafter

referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive,

misleading, or unfair collection practices, and respectfully sets forth, complains and alleges,

upon information and belief, the following:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15

U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction

over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

3.    Plaintiff is a natural person who at all relevant times herein, maintained his residence in Franklin County, at 1408 Lands End Circle, Pickerington, Ohio 43147.

4.    At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5.    Upon information and belief, Defendant Audubon is a limited liability company chartered under the laws of the State of Delaware and authorized to conduct business in the State of Ohio, with its principal place of business located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

6.    Defendant Audubon's registered agent is CT Corporation System maintaining an address at 1300 East Ninth Street, Cleveland, Ohio 11441.

7.    Upon further information and belief, Audubon is engaged in the business of collecting debts incurred and alleged to be incurred, for personal, family or household purposes.

8.    Upon information and belief and at all relevant times herein, Audubon is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

9.    Upon information and belief, Audubon regularly uses the mail and telephone in conducting business.

10.    Upon information and belief, Audubon was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

11.    Upon further information and belief, and at all relevant times herein, Audubon knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff ("Alleged Debt").

12.     Upon information and belief, Defendant March, is an individual who is a member/manager and/or shareholder of Audubon.

13.     At all relevant times herein, March regularly used the mail and telephone in conducting business, the main purpose of which is to collect consumer debts allegedly owed to others.

14.     Upon information and belief, as an owner of Audubon, March regularly engaged, directly and indirectly, in the collection of Plaintiff's debt.

15.     Upon information and belief, as an owner of Audubon, March materially participated in Audubon's collection activities.

16.     Upon information and belief, as a member-manager and/or shareholder of Audubon, March oversaw Audubon's day-to-day operations.

17.     Upon further information and belief, as an owner of Audubon, March exercised control over the affairs of Audubon's debt collection business.

18.     Upon further information and belief, March created and/or approved the script used by Audubon's debt collector representatives and employees when leaving messages for consumers.

19.     As such, March is a debt collector, as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

21.     Upon information and belief, beginning in or around February 2013, Defendants commenced collection activities against Plaintiff to recover the Alleged Debt by calling Plaintiff's cell phone, occasionally leaving voicemail messages, and text messages.

22.      Defendant failed to provide Plaintiff with a 30-day notice in writing containing Plaintiff's statuary rights to dispute the debt and request validation, within 5 days of initial communication.

23.      On or about February 15, 2013, Defendant sent an email message to Plaintiff with a subject of "Payment Reminder" (annexed hereto as Exhibit A).

24.      At no time did Plaintiff enter into any payment agreement with Defendant.

25.      On or about March 13, 2013, Defendant sent a text message to Plaintiff at 10:35 pm, being an unusual time as defined by FDCPA 1692c(a)(1).

26.      On or about March 14, 2013 Defendant called and spoke to Plaintiff, after the aforementioned text message at an untimely hour for such communication.

27.      In this conversation, Defendant stated that the Alleged Debt was regarding a Payday Loan.

28.      On or about March 19, 2013, Plaintiff sent Defendant  a request for validation of the Alleged Debt via certified mail.

29.      On or about March 21, 2013, Defendant received the validation request letter from Plaintiff via certified mail, annexed hereto as Exhibit B.

30.      On or about April 25, 2013, Defendant left a voicemail message on Plaintiff's cell phone.

31.      In this message, Defendant failed to identify who it was and what company it was calling from.

32.      This message also stated that they had "not received any form of communication to date", which was a false statement being that Defendant had a conversation with Plaintiff on the previously mentioned March 14, 2013 phone call as well as written communication on March 21, 2013.

33.     To date, Plaintiff still has not received any written communication from Defendant substantiating the claim that he owes any sum in which Defendant is legally authorized to collect.

34.     As a result of Defendants' violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA

## COUNT I
## Violation of 15 U.S.C. §1692c(a)(1)
## Audubon

35.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

36.     Audubon violated §1692c(a)(1) in that Audubon contacted Plaintiff at an unusual time by sending a text message at 10:35 PM.

37.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k *et seq.*

## COUNT II
## Violation of 15 U.S.C. §1692c(a)(1)
## March

38.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

39.     March violated §1692c(a)(1) in that March contacted Plaintiff at an unusual time by sending a text message at 10:35 PM.

40.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k *et seq.*

## COUNT III
### Violation of 15 U.S.C. §1692e
### AUDUBON

41.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

42.     Audubon violated 15 U.S.C. §1692e, in that Audubon made false, deceptive, and misleading representation in connection with the collection of the Alleged Debt, when it stated that Plaintiff had entered into a payment agreement, when indeed there was no such agreement.

43.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT IV
### Violation of 15 U.S.C. §1692e
### March

44.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

45.     March violated 15 U.S.C. §1692e, in that Defendant made false, deceptive, and/or misleading representation in connection with the collection of the Alleged Debt, when he stated that Plaintiff had entered into a payment agreement, when indeed there was no such agreement.

46.    As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT V
### Violation of 15 U.S.C. §1692e(10)
### AUDUBON

47.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

48.    Audubon violated 15 U.S.C. §1692e(10) in that Audubon used false representation and deceptive means in an attempt to collect the Alleged Debt when it (a)did not disclose who was calling in a voicemail, and (b) stated in a voicemail that no communication had been made when in fact there had been both verbal and written communication prior.

49.    As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT VI
### Violation of 15 U.S.C. §1692e(10)
### MARCH

50.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

51.    March violated 15 U.S.C. §1692e(10) in that March used false representation and deceptive means in attempt to collect the alleged debt when he it (a)did not disclose who was

calling in a voicemail, and (b) stated in a voicemail that no communication had been made when in fact there had been both verbal and written communication prior.

52.     As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**COUNT VII**
**Violation of 15 U.S.C. §1692g**
**AUDUBON**

53.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "51" herein with the same force and effect as if the same were set forth at length herein.

54.     Audubon violated 15 U.S.C. §1692g in that Audubon failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication. To date, Plaintiff has received no such correspondence.

55.     As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**COUNT VIII**
**Violation of 15 U.S.C. §1692g**
**MARCH**

56.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "54" herein with the same force and effect as if the same were set forth at length herein.

57.     March violated 15 U.S.C. §1692g in that March failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication. To date, Plaintiff has received no such correspondence.

58.    As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled

to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the

relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

59.    Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for

which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ryan Murpgy demands judgment from the Defendant Audubon

Financial Bureau, LLC, and Defendant Adam D. March as follows:

A.    For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.    For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

C.    For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.    For a declaration that the Defendants' practices violated the FDCPA; and,

E.    For any such other relief, as well as further costs, expenses and disbursements of this

action, as this Court may deem just and proper.


Dated:  New York, New York
        May 9, 2013

                                    Respectfully submitted,


                            By:    s/Jacob J. Scheiner
                                    Jacob J. Scheiner, Esq.
                                    Fredrick Schulman & Associates
                                    30 East 29TH Street
                                    New York, New York 10016
                                    (212) 796-6053
                                    jscheiner@fschulmanlaw.com
                                    Attorneys for Plaintiff

# EXHIBIT A

From: AFB_scs@gcnotify.com
To: <rgmurph38@yahoo.com>
Subject: Payment Reminder, use Tax Return ..... 1.866.595.3237
Date: Fri, Feb 15, 2013 11:05 AM

Dear Account Holder,

This is a friendly reminder for your arrangement agreen upon with your representative.

Please make sure there are no issues with this transaction. If you have any questions please make sure you contact our office no later than the end of business today.

Or email is at response@audubonfinancialbureau.comNote: Please Do Not Reply to this e-mail. It was sent from an automated address. You will not receive a response.

# EXHIBIT B

English      Customer Service      USPS Mobile                                                    Register / Sign In

 USPS.COM                                           Search USPS.com or Track Packages

Quick Tools              Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

# Track & Confirm

**You entered: 70122920000003955577**

**Status: Delivered**
**Your item was delivered at 11:02 am on March 21, 2013 in GETZVILLE, NY 14068.**
**Additional information for this item is stored in files offline.**

**You may request that the additional information be retrieved from the archives,**
**and that we send you an e-mail when this retrieval is complete. Requests to**
**retrieve additional information are generally processed momentarily.**

**I would like to receive notification on this request**

Restore

## Find Another Item

What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2013 USPS. All Rights Reserved.

VALIDATION LETTER


Ryan Murphy
1408 Lands End Circle
Pickerington, OH 43147


REGISTERED MAIL - RETURN RECEIPT REQUESTED

Audubon Financial Bureau
PO Box 901
Getzville, NY 14068

03/19/2013
To whom it may concern;

I am writing in response to phone call/letter received from you on date    03/19/2013.   Pursuant to my rights under the Fair Debt Collection Practices Act, 15 USC 1692g § 809 (b), your claim is being disputed and I am requesting that you provide validation of this debt. Note this is not a refusal to pay, but a request that your offices provide me with evidence that I have a legal obligation to pay you. I am NOT asking for verification or proof of my mailing address, but validation of the alleged debt I owe.
Please provide me with the following:

- Identify the original creditor;
- What the money you say I owe is for;
- Explain and show me how you calculated what you say I owe;
- Provide me with copies of any papers that show I agreed to pay what you say I owe;
- Provide a verification or copy of any judgment if applicable;
- Prove the Statute of Limitations has not expired on this account;
- Show me that you are licensed to collect in my state; and
- Provide me with your license numbers and Registered Agent.


Sincerely,
Ryan Murphy